## PROSECUTION FOR KEEPING INTOXICATING LIQUORS IN DRY TERRITORY.

Circuit Court of Cuyahoga County.

JOSEPH NICKELS v. THE STATE OF OHIO.

Decided, June 14, 1909.

*Intoxicating Liquors—Criminal Trials—Burden of Proof May be Changed by Statute.*

1. Upon the trial of criminal causes the law presumes the party charged with crime to be innocent, and the burden is on the prosecutor, unless a different rule has been provided by statute.
2. Where the Legislature has provided, as in Section 4364-20, Revised Statutes, that the keeping of intoxicating liquors in dry territory in any place except a drug store or private residence shall be *prima facie* evidence that such liquors are kept for unlawful sale, furnishing or giving away, the burden of proof is changed and a conviction will be sustained upon evidence of this fact alone.

*Tanney & Barber,* for plaintiff in error.
*H. W. Ward,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The plaintiff in error was convicted before the mayor of the village of Olmsted Falls, Ohio, of a violation of Section 4364-20*b* of the Revised Statutes of Ohio. The information contained three counts, the first charging that Nickles "did unlawfully keep a place where intoxicating liquors were then and there kept for sale as a beverage."

The second count repeats by reference, the averments of the first count and adds a charge of unlawfully giving away intoxicating liquors as a beverage.

The third count repeats by reference the averments of the first two counts and adds that Nickels "furnished as a beverage and otherwise dealt in intoxicating liquors as a beverage."

The transcript shows that "the court after considering the testimony given herein finds the defendant guilty," and later that, "the court pronounced sentence on defendant, as follows: A fine of one hundred and twenty-five dollars and costs in this action, and defendant to stand committed until paid."

The court of common pleas affirmed this judgment, and petition in error is filed by the said Nickels in this court.

Error is assigned upon the overruling by the trial court of a motion to quash, a demurrer, a plea in bar and a motion to require the state to elect upon which count it would rely. Upon the last motion the rule is perfectly well settled in this state that a motion to elect is addressed to the sound discretion of the court, and even if the last two counts be deemed bad for duplicity, a general verdict or finding of guilty, such as was rendered here, is supported by the first count, which is apparently free from objection. The offense therein described is charged to have been committed "on or about the 31st day of October, A. D. 1908," and the plea in bar alleges an arraignment upon a charge that "from the 1st day of June, 1908. until the 30th day of October, 1908, in said village of Olmsted Falls, one Joseph Nickels then and there being, did unlawfully keep a place where intoxicating liquors were then and there kept as a beverage," etc. The evidence in the present record shows that the offense was committed, if at all, upon the 31st day of October, 1908. It is thus evident that there was not any prejudicial error warranting a reversal of the judgment in this case by reason of any of the rulings of the trial court above referred to.

Error is further assigned upon the overruling of the motion for a new trial, upon the ground that the conviction is unsupported by the evidence, and it is claimed that the evidence adduced on behalf of the state affords, at most, only a *prima facie* case under Section 4364-30*y* of the Revised Statutes, which makes "the keeping of intoxicating liquors in any room, or building or any other place, except in a regular drug store or in a *bona fide* private residence * * * *prima facie* evidence that such

liquors are kept for unlawful sale, furnishing or giving away, provided such place is situated in territory in which the selling, furnishing or giving away of intoxicating liquor as a beverage, is prohibited.''

It is urged that a *prima facie* case made by virtue of this statute alone is an insufficient basis on which we find beyond a reasonable doubt that this defendant is guilty.

In *Fuller* v. *State,* 12 Ohio St., 433, the first paragraph of the syllabus is:

''Upon the trial of all criminal cases the laws presumes the party charged with crime to be innocent, and the burden of proof is upon the prosecutor, unless a different rule has been provided by statute.''

In this case a different rule has been provided by statute, and the evidence found in the bill of exceptions as we have examined it, is sufficient in our judgment to warrant this conviction.

Irregularities in the method of introducing the evidence on the part of the state; in the rulings of the trial court upon objections by the accused thereto, are further complained of, but we are mindful of the rule that the proceedings of magistrate's courts in causes wherein they have jurisdiction are to be viewed indulgently, and we fail to find anything in this record prejudicial to the rights of the accused to warrant the reversal of the judgment below, and the same is therefore affirmed.